**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joseph Howard Smith, | No. CV-24-00329-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Mark Gutierrez, et al., | |
| Defendants. | |

On May 27, 2026, the Court ordered Plaintiff to complete and return a service packet to the Clerk of Court within 21 days. (Doc. 23.) The Court warned Plaintiff that the "United States Marshal will not provide service of process if Plaintiff fails to comply with this Order." (*Id.* at 16.) The Court further warned that failure to obtain a waiver of service or serve a Defendant within the sixty day deadline, could result in the action being dismissed as to each Defendant not served. (*Id.*) Plaintiff's deadline to return the service packet expired on June 17, 2026. Because Plaintiff did not timely return the service packet, the United States Marshal has been unable to effect service, and Plaintiff will not meet the July 26, 2026 service deadline. *See* Fed. R. Civ. P. 4(m).

Plaintiff has the general duty to prosecute this case. *Fid. Philadelphia Tr. Co. v. Pioche Mines Consol., Inc.*, 587 F.2d 27, 29 (9th Cir. 1978). Plaintiff's failure to take the steps necessary to complete service of the Summons and Complaint on Defendant within the time permitted under Rule 4(m) constitutes a failure to prosecute.

A federal district court has the inherent power to dismiss a case *sua sponte* for failure

to prosecute. *Link v. Wabash R. Co.*, 370 U.S. 626, 629–31 (1962). In appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or hearing. *Id.* at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus, the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson*, 910 F.2d 652, 656 (9th Cir. 1990).

Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure to serve Defendant, or to actively participate in this case, prevents the case from proceeding in the foreseeable future. The fourth factor, as always, weighs against dismissal. The fifth factor requires the Court to consider whether a less drastic alternative is available.

The Court finds that only one less drastic sanction is realistically available. Rule 41(b), Fed. R. Civ. P., provides that a dismissal for failure to prosecute operates as an adjudication upon the merits "[u]nless the dismissal order states otherwise." In the instant case, a dismissal with prejudice would be unnecessarily harsh as the Complaint and this action can be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

//
//
//
//
//
//

Accordingly,

**IT IS ORDERED** that within 20 days of the date this Order is filed, Plaintiff shall show cause why this action should not be dismissed without prejudice pursuant to Fed. R. Civ. P. 41(b).

Dated this 20th day of July, 2026.

Jennifer G. Zipps
Chief United States District Judge

- 3 -